IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALSHERRI WALKER, ) | |
| ) | Civil Action No. |
|   Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TAJ ATLANTA, LLC, SHADI MASRI, ) | |
| and FUAD YOUNIS, ) | |
| ) | |
|   Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Valsherri Walker (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant TAJ Atlanta, LLC, Defendant Shadi Masri, and Defendant Fuad Younis (hereinafter "Defendants"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA"), to recover unpaid, federally mandated overtime wages owed to Plaintiff, liquidated damages in an amount equal to unpaid overtime wages, and reasonable attorneys' fees and costs;

1

as well as damages for Defendants' violations of the FLSA anti-retaliatory provisions under Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b) of the FLSA and 28 U.S.C. § 1343(4).

3.

Defendant TAJ Atlanta, LLC, is a Georgia corporation, and the unlawful employment practices described herein occurred at 440 Markham St. SW, Atlanta, GA, 30313.  Accordingly, venue is appropriate in this Court, pursuant to 28 U.S.C. § 1391; 29 U.S.C. § 216(b); and LR 3, Northern District of Georgia.

## **PARTIES**

4.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Plaintiff was an "employee" of Defendants, as defined under 29 U.S.C. § 203(e), and, in any workweek, was engaged in commerce within the definitions of 29 U.S.C. §§ 206(a) and 207(a).

6.

During her employment with Defendants, Plaintiff performed non-exempt work in excess of forty (40) hours per work week and was not paid an overtime wage differential, as required by 29 U.S.C. §207.

7.

Defendants are "employers" within the definition of 29 U.S.C. § 203(d). Defendants are governed by and subject to 29 U.S.C. § 204, §207, and §215.

8.

Defendant TAJ Atlanta, LLC, is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and an enterprise engaged in commerce or in the production of goods for commerce within the definition of 29 U.S.C. § 203(r) and (s), with its gross revenues exceeding $500,000 per year.

9.

Defendant TAJ Atlanta, LLC, may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Masri Accounting & Tax Services, Inc., 105 W. Main Street, Cartersville, Georgia 30120.

11.

Defendant Masri is the owner of TAJ Atlanta, LLC.  During all times relevant to this action, Defendant Masri had authority to create and alter the

policies of Defendant TAJ Atlanta, LLC, and to hire and fire any employees of Defendant TAJ Atlanta, LLC.

12.

Defendant Masri was a decision-maker as to Plaintiff's compensation, Plaintiff's job duties, and the termination of Plaintiff's employment. Defendant Masri had discretion over Plaintiff's payroll and overtime compensation. Defendant Masri works both directly and indirectly in the interest of TAJ Atlanta, LLC and was in a supervisory position over Plaintiff during Plaintiff's employment.

13.

Defendant Masri is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d). Defendant Masri is governed by and subject to the FLSA, 29 U.S.C. § 204, § 207, and § 215.

14.

Defendant Masri can be served with process by delivering a copy of the Summons and Complaint to Defendant Masri, personally, at his place of employment, Masri Accounting & Tax Services, Inc., 105 W. Main Street, Cartersville, Georgia 30120, or to a person of suitable age and discretion residing

at Defendant Masri's house, 2654 Morningside Trail N.W., Kennesaw, Georgia 30144-6051.

15.

Defendant Fuad Younis was Plaintiff's direct supervisor. Defendant Younis was a decision-maker as to Plaintiff's compensation and job duties. Defendant Younis was also a decision-maker as to Plaintiff's termination from employment. Defendant Younis works both directly and indirectly in the interest of TAJ Atlanta, LLC, and was in a supervisory position over Plaintiff during Plaintiff's employment.

16.

Defendant Fuad Younis is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d). Defendant Younis is governed by and subject to the FLSA, 29 U.S.C. § 204, § 207, and § 215.

17.

Defendant Younis can be served with process by delivering a copy of the Summons and Complaint to Defendant Younis, personally, at his place of employment, TAJ Atlanta, LLC, 440 Markham St. SW, Atlanta, GA, 30313, or to a person of suitable age and discretion residing at Defendant Younis' house, 412 Caswyck Trace, Alpharetta, Georgia 30022-2695.

## FACTUAL ALLEGATIONS

18.

Plaintiff was hired on June 25, 2011 as a property manager for TAJ Atlanta, LLC. Plaintiff occupied this position until her termination on October 7, 2011.

19.

As an employee of TAJ Atlanta, LLC, Plaintiff assisted her supervisors, Defendant Shadi Masri and Defendant Fuad Younis, with the daily operations of properties owned by TAJ Atlanta, LLC.

20.

Plaintiff performed work that primarily included such tasks as taking incoming phone calls, collecting monies owed, showing vacant properties to potential tenants, booking appointments for Defendant Younis and Defendant Masri, writing maintenance requests, performing data entry, and performing clerical tasks related to listing apartments for rent.

21.

Plaintiff's primary tasks did not require the exercise of discretion and independent judgment.

22.

From June 25, 2011 through July 25, 2011, Plaintiff was paid at a rate of $10.00 per hour.

23.

From July 26, 2011 through October 7, 2011, Plaintiff was paid at a rate of $12.50 per hour.

24.

From June 25, 2011 to September 2, 2011, Plaintiff was scheduled to work six days a week, Monday to Friday, from 9:00 a.m. to 6:30 p.m., and on Saturday, from 9:00 a.m. to 5:00 p.m.  Plaintiff also worked several Sundays in this time period, including August 7, 2011, August 21, 2011, and July 31, 2011, during which she averaged two (2) hours per day.

25.

From September 3, 2011 until her termination on October 7, 2011, Plaintiff was scheduled to work from 9:00 a.m. to 6:30 p.m., Monday to Friday.  During this time period, Plaintiff was not required to work on Saturdays or Sundays.

26.

During Plaintiff's employment with the Defendants, Plaintiff often worked later than her scheduled hours and did not take lunch breaks.

27.

Plaintiff was also on-call 24 hours per day, 7 days a week, and was periodically called into the office when issues arose.

28.

Plaintiff estimates, in good faith, that she worked at least 198.5 hours of overtime for which she was not compensated.

29.

Even though Plaintiff worked over forty (40) hours per workweek on numerous occasions during the course of her employment, Plaintiff was not paid the overtime wage differential required by 29 U.S.C. §207 on those occasions.

30.

Plaintiff frequently complained about not receiving any overtime pay to her supervisor, Defendant Fuad Younis.

31.

On October 6, 2011, Defendant Younis informed Plaintiff she would be required to start working on Saturdays again without any additional compensation.

32.

On October 6, 2011, Plaintiff contacted the Department of Labor to report Defendant TAJ Atlanta, LLC's pay practices and to determine if Defendant TAJ

Atlanta, LLC should pay overtime wages.  Plaintiff received several emails from the Department of Labor containing explanations of how Defendant TAJ Atlanta, LLC should classify and pay employees.

33.

On the morning of October 7, 2011, Plaintiff told Defendant Younis that she contacted the Department of Labor and that she did not think all employees at TAJ Atlanta, LLC were being paid in compliance with the law.

34.

Defendant Younis responded by telling Plaintiff, "You are threatening me! You are fired!"  David Perry, a maintenance employee for TAJ Atlanta, LLC, persuaded Defendant Younis to calm down, and Defendant Younis allowed Plaintiff to return to work for the rest of the day.

35.

At the end of the work day on October 7, 2011, Defendant Younis informed Plaintiff that she was being fired due to personality conflicts.

36.

Plaintiff asked Defendant Younis why she was being terminated.  Defendant Younis told Plaintiff directly that she was being fired for being a disloyal employee

as she reported Defendant TAJ Atlanta, LLC's employment practices to the Department of Labor.

37.

Plaintiff immediately collected her belongings and left the property. Upon exiting the office, she dropped a lease agreement, which landed on the ground. The single piece of paper fell to the floor and did not strike Defendant Younis or cause any property damage.

38.

Defendant Younis called a Deputy Sherriff in an attempt to have Plaintiff arrested after her departure. The Deputy Sheriff informed Defendant Younis that a police report would not be warranted under the circumstances as described by Defendant Younis.

39.

Plaintiff did not attempt to contact Defendant Younis or Defendant Masri again or to gain entry to any property owned by TAJ Atlanta, LLC after October 7, 2011.

40.

Plaintiff's attorneys forwarded letters of representation to Defendant Shadi Masri and Defendant TAJ Atlanta, LLC on October 20, 2011 regarding plaintiff's unpaid overtime wages.

41.

Defendant Younis again contacted a Deputy Sheriff in an attempt to have Plaintiff arrested and was informed he could not use a police report to retaliate against Plaintiff for hiring an attorney.

42.

Plaintiff's attorneys forwarded a proposed settlement package to TAJ Atlanta, LLC, on November 29, 2011, containing an offer of settlement and compromise for plaintiff's unpaid overtime wages.  Defendants did not respond to Plaintiff's request to negotiate the amount of overtime wages that they continue to owe to plaintiff.

43.

On December 19, 2011, Defendant Younis filed an Application for Criminal Warrant in the Magistrate Court of Fulton County in an attempt to have Plaintiff incarcerated, only twenty (20) days after Plaintiff's attorneys mailed the settlement proposal on Plaintiff's behalf.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

44.

During the period from June 25, 2011 until October 7, 2011, Defendants, individually and collectively, willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate her for hours worked in excess of forty (40) hours per week at a rate of at least one and one half times the regular rate at which she was employed, contrary to § 7 of the FLSA, 29 U.S.C. § 207.

45.

Defendants have not made a good faith effort to comply with the FLSA.

46.

As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied overtime wages in accordance with FLSA § 206 and § 207.

47.

Pursuant to 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiff is entitled under law.

## COUNT TWO
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS
## OF THE FAIR LABOR STANARDS ACT

48.

Defendants, individually and jointly, have violated 29 U.S.C. § 215(a)(3) by retaliating against Plaintiff for asserting her rights under the FLSA.

49.

Plaintiff complained to her supervisor, Defendant Younis, that she was not paid the overtime wage differential for hours worked over forty (40) per workweek.

50.

Plaintiff also informed Defendant Younis that she contacted the Department of Labor regarding the payment and classification of employees by Defendant TAJ Atlanta, LLC.

51.

Defendants terminated Plaintiff with a retaliatory motive after Plaintiff contacted the Department of Labor and complained that she was not being compensated properly.

52.

After Defendant TAJ Atlanta, LLC, received a settlement package from Plaintiff's attorneys, Defendant Younis, encouraged by Defendant Masri, filed an Application for Criminal Warrant in the Magistrate Court of Fulton County against Plaintiff in an attempt to retaliate against Plaintiff for seeking legal representation. Defendants also chose to ignore the plaintiff's efforts to negotiate the payment of the wages that defendants owe the plaintiff, leaving the plaintiff no alternative but to file this lawsuit.

53.

In retaliating against Plaintiff for asserting her rights under the FLSA, Defendant has caused Plaintiff pecuniary losses including, but not limited to, lost wages as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff also incurred costs to defend herself in the Fulton County Magistrate Court against the retaliatory criminal warrant brought against her by the defendants.

## **PRAYER FOR RELIEF**

54.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 206(d) and 207, liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, court costs, expert witness fees, and reasonable attorneys' fees as provided under 29 U.S.C. §216, and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(C) Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and all other remedies allowed under FLSA for Defendants' retaliation against Plaintiff for asserting her rights under the FLSA, including punitive damages should they be permitted;

(D) Grant declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 26th day of April, 2012.

**BARRETT & FARAHANY, LLP**

/s/ Abigail J. Larimer
Abigail J. Larimer
Georgia Bar No. 999229
Benjamin F. Barrett
Georgia Bar No. 039586


Attorneys for Valsherri Walker


1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
Tel: (404) 214-0120
Fax: (404) 214-0125
abigail@bf-llp.com
ben@bf-llp.com